IN THE UNITED STATES DISTRICT COURT **ENTERED**
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AUG 9 - 2004

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

GARRY R. BRISCOE,

    Petitioner,

v.                          Civil Action No. 1:04CV58

AL HAYNES, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On March 30, 2004, the *pro se* petitioner, Garry R. Briscoe, an inmate at FCI-Morgantown, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241 in which he asserts the Bureau of Prisons misinterpreted 18 U.S.C. §3585(b) and Program Statement 5880.28 to deprive him of credit for time spent in official detention.

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

### II. FACTS

The petitioner asserts that he was first arrested on February 19, 2000, and held at the Prince Georges County Jail from February 19, 2000, until April 9, 2000. He was later picked up on a writ by the United States Marshal Service on April 10, 2000, and held until May 8, 2002. On April 22, 2002, he was sentenced by the United States District Court for the Southern District of New York in Federal Court to a term of 57 months for conspiracy to distribute cocaine in violation of 21 U.S.C.



§846. On June 7, 2002, the petitioner was sentenced to five years by a Maryland state court and the start date of state sentence was February 19, 2000. The petitioner's state sentence ended on April 26, 2003, and he was placed in federal custody on April 26, 2003. and his federal sentence started at that time.

On November 7, 2003, the petitioner filed a Request for Administrative Remedy wherein he asserted that he was arrested on February 19, 2000, because of a federal warrant, and requested credit for all the days he in spent in federal custody - April 10, 2000, until May 9, 2002. On November 14, 2003, Warden Haynes advised the petitioner that he had been arrested on February 19, 2000, by the Prince Georges County Police Department for multiple drug charges, firearm, and weapon charges. The warden determined that the petitioner was properly denied sentencing credit because he was given credit on his state sentence for the period of April 10, 2000, through May 9, 2002, and because he was on a federal writ beginning on April 10, 2000.

On November 18, 2003, the petitioner filed a Regional Administrative Remedy Appeal. In his appeal, he asserts that had the federal warrant never been placed on him, he would not have been arrested on February 19, 2000. His appeal was denied. He then filed a Central Office Administrative Remedy Appeal. He admitted in his appeal that the time from April 10, 2000, to May 8, 2002, had been credited toward his state sentence, but he asserted it should have first been credited to his federal sentence. The petitioner was advised that because he had received credit for the time period in question against his state sentence, the same period could not be credited towards his federal sentence. He was further advised that the sentencing court would be contacted regarding a nunc pro tunc designation which would allow partial credit for the time he is seeking.

## III. ANALYSIS

### The Bureau of Prisons Properly Calculated the Petitioner's Sentence Credit

Pursuant to 18 U.S.C. §3585(b), a defendant convicted of a federal offense has a right to receive credit for certain time spent in official detention before his sentence begins. United States v. Wilson, 503 U.S. 329 (1992). 18 U.S.C. §3585(b) provides as follows:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The Attorney General, through the Bureau of Prisons, determines the amount of credit to be awarded for time spent in official detention. Wilson, 503 U.S. at 335.

Contrary to the petitioner's contentions, it does not matter why he was arrested. See Edmond v. Booker, 92 F.3d 1196, 1996 WL 442756 (10th Cir.1996)(unpublished) (petitioner who requested credit against his federal sentence and asserted that he was arrested on a federal warrant rather than the state charges was denied credit because he had already received credit for the time in question against his state sentence ).[1]

The petitioner is not entitled to credit against his federal sentence. First, he is not entitled to credit under §3585(b)(1) because he was not in custody as a result of his federal offenses. Instead, during the period in question, the petitioner was in state custody. Thus, he is not entitled to credit under §3585(b)(1).

---

[1] Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

3

Further, the petitioner is not entitled to credit under §3585(b)(2) because while he was in official custody as a result of a state charge for which he was arrested after he committed the federal offense, he received credit against his state sentence. The fact that the petitioner already received the credit against his state sentence precludes his federal sentence from being credited as well. See Kendrick v. Carlson, 995 F. 2d 1440, 1447 (8th Cir. 1993). Thus, the petitioner is not eligible for credit under 18 U.S.C. §3585(b)(2).

Additionally, Program Statement 5880.28 provides that "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provision of the writ for secondary custody."

Consequently, the petitioner is not entitled to habeas relief and his petition should be denied.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

4

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: August 9, 2004

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

92 F.3d 1196 (Table)
92 F.3d 1196 (Table), 1996 WL 442756 (10th Cir.(Colo.))
Unpublished Disposition
(Cite as: 92 F.3d 1196, 1996 WL 442756 (10th Cir.(Colo.)))

Page 1

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.

Ronnie Bruce EDMOND, Sr., Petitioner-Appellant,
v.
J.W. BOOKER, Respondent-Appellee.

No. 96-1118.

Aug. 6, 1996.

Before BRORBY, EBEL and HENRY, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Federal prisoner Ronnie Bruce Edmond, Sr., brings this habeas corpus petition *pro se* and *in forma pauperis* to appeal the district court's dismissal of his 28 U.S.C. § 2241 motion for a recomputation of the time he must serve under his sentence. We affirm.

Citing 18 U.S.C. § 3585(b), Mr. Edmond claims his federal sentence should have been reduced by the pretrial time he spent in custody in a county jail in Georgia. The district court dismissed his petition based on a Magistrate's recommendation. The magistrate judge found Mr. Edmond was not entitled to credit for the nine months and twenty days Mr. Edmond spent in custody because after he pled guilty to several state charges, the state court sentenced him to the time he had already served in the county jail. The magistrate judge found:

> The documents attached to the petition show that Petitioner received full credit for nine months and twenty days on his state sentence. The language of 18 U.S.C. § 3585(b) makes it clear that Petitioner is not entitled to receive simultaneous credit on both his state and federal sentences. Petitioner owed a debt to two sovereigns, and each had a right to exact its debts independently of each other.

We agree. On appeal, Mr. Edmond devotes a great deal of his argument to trying to establish that the initial reason for his detention in the Georgia prison was due to an outstanding federal warrant for his arrest rather than the state charges to which he later pled guilty. Mr. Edmond's reliance on this theory is misplaced. It does not matter why he was initially arrested under 18 U.S.C. § 3585(b) if he has already been credited with the time he was held in detention. Specifically, 18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

Mr. Edmond does not dispute the fact that the time period he claims should be deducted from his current sentence has already been fully credited against his sentence for his state convictions. His argument that he was in constructive federal custody during this time period is without merit because that time period has already "been credited against another sentence." *Id.;* see *Bruss v. Harris,* 479 F.2d 392, 394 (10th Cir.1973) (court rejected defendant's claim he was entitled to "double credit" for time held in state custody).

**2 The district court's order dismissing Mr. Edmond's petition is AFFIRMED.

WADE BRORBY, United States Circuit Judge