IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARRY R. BRISCOE,

    Petitioner,

v.                                            CIVIL ACTION NO. 1:04CV58
                                                          (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER DISMISSING PETITION

On March 30, 2004, the pro se petitioner, Garry Briscoe, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this matter to Magistrate Judge John S. Kaull in accordance with Local Rule of Prisoner Litigation 83.09. On August 9, 2004, Magistrate Judge Kaull issued a Report and Recommendation, recommending that the Court dismiss Briscoe's petition. On August 20, 2004, the petitioner filed objections to the Magistrate's recommendation. For the following reasons, the Court **AFFIRMS** the Magistrate and **DISMISSES** the § 2241 petition.

### I. BACKGROUND

On February 19, 2000, Briscoe was arrested on drug and firearm charges and held at the Prince George's County Jail until April 9, 2000. On April 10, 2000, the United States Marshal took custody of Briscoe pursuant to a writ of habeas corpus ad prosequendum. On April 22, 2002, he was sentenced by the United States District Court for the Southern District of New York to a term of 57 months for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Thereafter, the Marshal Service returned Briscoe to the

custody of the State of Maryland on May 9, 2002, and, on June 7, 2002, he was sentenced by a state court to a term of five years. Granting him credit for time served, the Maryland court began Briscoe's sentence on February 19, 2000--the date of his initial arrest. He was transferred to federal custody on April 26, 2003, the day his state sentence concluded.

In his § 2241 petition, Briscoe seeks credit against his federal sentence for the time he served in federal custody from April 10, 2000, until May 9, 2002. Magistrate Judge Kaull's Report and Recommendation concluded that the petition is unavailing in light of controlling statutory law and precedent.

## II. ANALYSIS

The sole issue raised by the petition is whether the Bureau of Prisons ("BOP") correctly determined Briscoe's credit for time served in official detention. Under 18 U.S.C. § 3585 (b),

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

(emphasis added).

## MEMORANDUM OPINION & ORDER DISMISSING PETITION

In his objections, Briscoe claims that his time served was not credited to some other sentence at the time the federal sentence was imposed, and that he was detained at the request of federal officials. Therefore, he claims that he should be given "full credit" against his federal sentence for the total custodial pre-sentence detention arising from both state and federal offenses.

As Magistrate Kaull correctly noted, the Attorney General, through the BOP, determines the amount of credit to be awarded for time spent in official detention. United States v. Wilson, 503 U.S. 329, 335 (1992). Moreover, "computation of the credit must occur after the defendant begins his sentence." Id. at 333 (emphasis added). Therefore, § 3585(b) is inapplicable at the time of sentencing. Consequently, Briscoe's credit for time served could not be determined until after the commencement of his federal sentence on April 26, 2003.

The BOP otherwise properly calculated Briscoe's credit for time served. Under § 3585(b), time served in official detention cannot be double-counted. In the case at bar, when Briscoe's federal imprisonment commenced, he had already received credit against his state sentence for his time in official detention from April 10, 2000, until May 9, 2002. Consequently, the Court finds that the BOP correctly refused to credit the same time served to Briscoe's federal sentence.

**MEMORANDUM OPINION & ORDER DISMISSING PETITION**

### III. CONCLUSION

For the above reasons, the Court **AFFIRMS** the Magistrate's Report and Recommendation and **OVERRULES** the petitioner's objections. Accordingly, the Court **DENIES** Briscoe's application for habeas corpus and **DISMISSES** his petition **WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: August ___5___, 2005.

*Irene M. Keeley*
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE